May it please the Court, Mr. Slovey, let your compatriot get down back there and get settled. May it please the Court, my name is Jonathan Slovey, representing the appellant Robert Powell. I'd like to reserve three minutes for rebuttal. Mr. Powell presents his constructive amendment claim. To start with analysis of the constructive amendment claim, it's important to note that his claim relies on an express provision of the Fifth Amendment of the United States Constitution that specifies that no person shall be held to answer for a capital or otherwise infamous crime unless presentment of indictment of a grand jury. Now, it's not only Mr. Powell's rights that are at stake in this case, your honors. It's also the rights of the citizens of the United States of America. It's the right of the people who make up grand juries to set the parameters of what an offense is, to define an offense. Isn't the offense defined by the statute? It's defined by the statute. But the United States Constitution, the Fifth Amendment, expressly gives grand jurors a right. Sure. But what we're asking the grand jury to do is to say whether we should hold somebody over because there's reason to believe that they have violated the statute. So does the statute contain, require the specification of a date? Your honor, in S2 counts 1 and 2, implicitly it does because I think you can answer my question directly, counsel. Does the statute require the specification of a date? The language of the statute Well, that's all we can do is go to the language of the statute. Which statute are we talking about and what does it say? The statutes do not specifically, but as to The indictment did, but the statute doesn't. Correct. So was the government obligated to prove a particular date or to have a specific finding about a date? Well, first of all Looks like you got the benefit of that with respect to count 4. S accounts 1 and 2, I think the answer is yes, because in the statute you have to be, the victims have to be minors. So dates do specifically matter. The age would be important, wouldn't it? Yes, correct. So I think Congress in that case actually does state that dates matter because for the offense to occur Do you have any dates here that would render somebody not a minor at the time that something was committed against them? Dates, you mean as to the facts of this case? Right. No, Your Honor. Okay. So that's not really, I appreciate the nuance, I think it's a very good point, but it's not really a problem in your case. Well It's not the basis for your appeal. I think, Your Honor, that we have to look back to the United States Supreme Court decision in Cerrone v. United States. I guess, before you get too much into that, I guess I'm wondering why it is I have to listen to this argument. Counsel got up, said, I have no objection to the court's failure to give any of my requests instructions. Why does that not waive this argument? I mean, whenever I did that, I didn't think I'd be in here arguing about that in the future. Sure. I thought it was over. I waived it. Right. I think if this court carefully reviews its decision in United States v. Solis I did. It's clear that a waiver did not occur. Just a minute. In this case, counsel gave the instructions that he wanted, it had dates in them. The other counsel gave instructions they wanted, had no dates in them. The court gave those without dates. Counsel, well knowing what happened, gets up and says, oh, I like these instructions. No problem, Judge. I think right after . . . He didn't object? He didn't say no? He didn't say, please, Judge, don't do this to me? I think looking at the big picture and not specifically whether he made a specific objection, I think we have to look at who's at fault here. How did this problem occur? How did this error occur? This error occurred because counsel is not responsible to object to the instructions he doesn't want given? The court is somehow responsible when counsel is supposed to be suggesting what he wants and doesn't do it? I believe that basically the government also has obligations, Your Honor. The government gave its instructions, and your client got his instructions, and the court chose some instructions. Having been the district court, it kind of makes me aggravated when somebody comes up above me and now says I give bad instructions when they don't even object. So you're getting some of those questions. I certainly understand, Your Honor. And I also want to try to present that there is a full story here. But if you get beyond the question of waiver or forfeiture, then you really have to argue this under plain error. I mean, that's sort of the best you can get, right? I mean, if you hadn't said anything at all, you'd be here under plain error. Judge Smith's point is at best it's forfeiture, at worst it's waiver. But even if we interpreted this record in your favor, you're here on plain error at best. So why is it plain error for the district court to have failed to include dates in instructions to juries that it's not required by statute as an element of the crime? First of all, in terms of plain error, going back to what is the standard that should apply, I don't believe it's been fully resolved by this court. But we had in the past, this court has held that when you've had constructive amendments, it was per se reversible. But then you had the Olano case that came out on Bank, and matters had to be reconsidered. The Ninth Circuit addressed it somewhat in jingles, but I believe that was in dicta. And that case was, I believe, resolved on the rule of the case doctrine and not expressly addressing the issue. But I think in addressing constructive amendment claims, the reason I started out with the language of the Fifth Amendment is, and the United States Supreme Court in Sterling, that these are serious errors. How is it a constructive amendment if the evidence matches the allegation? In this case, the evidence did not match the allegations. It went well beyond. And in terms of what evidence was presented against your client outside the timeframe specified in the indictment? Yes. Your Honor, my reply brief went through that evidence in great detail. But the government went extensively, presented extensive evidence of Mr. Powell's communications with BM, those are her initials, communications while Mr. Powell was at the Federal Detention Center. And the government made a number of, specifically argued to the jury, and said, and there will also be additional evidence of his sex trafficking of her. And an opening argument, the government asserted. I understand that. But what I don't understand is the evidence of the elements of the offense, those were all established within the timeframe in the indictment, weren't they? Wasn't it? I think that's difficult to determine, Your Honor, because the jury came out with. Well, don't you have to show that to argue constructive amendment? Well, the jury actually came out with an acquittal verdict on count four. Count four concerned June 2014, which comes right into the middle of count three, January 2014 to January 2015. So the jury made a determination, a ruling on acquittal, saying he is not guilty. And those two counts are almost identical. They're different statutes, but they're virtually identical. So the jury speaks loud in this case. The jury made a determination. Well, if the jury spoke so loudly, then I have a tough time wondering why there was any confusion in their mind as to count one through three because they specifically ask a question about count four. Well, I think we're trying to ask the jury to do something that the trial judge and defense counsel on both sides did not pick up. Well, the problem is if you're going to use the jury and what the jury did on one side, it's a little tough not to see that they weren't confused as to count one and three when the only place they asked the question was on count four. And count ones through three, they weren't confused, and they came back with a verdict. I think that's speculation, Your Honor. Well, I know, but that's why because you want to speculate as to what they did on count four and how it relates here, but you don't want me to speculate in my questioning, do you? But I believe that it also goes to jury unanimity as well, and you have a broad time period. You have a little over one year. Are you talking about count three now? Count three, yes. In count three, as I understand it, it was limited to January 2014 to January 2015, right? Correct, Your Honor. And you conceded, or your client did, that this was a continuing offense, correct? Correct. And as I understand it, and I'm just trying to get through the evidence, the defendant contacted BM in January, February of 2014 after seeing her ad on the back page and asking her to come to work. She went to Las Vegas in February 2014. On the first day, he slapped her, and he took her to the street to solicit. She went back to Seattle. She returned to Las Vegas in April 2014 and worked through August, and from Thanksgiving until January 2015, she worked again. So it seems to me there's no evidence except during the dates of January 2014 to January 2015. Well, there's a 61-day and 86-day period in which they were apart. But that's during that time period. I mean, I'm just trying to say I looked at the evidence because I thought you might have a point. But what we were really looking at is January 2014 to January 2015. I looked at all the evidence to put in there as to how she could be convicted, and basically I haven't got anything. The first contact is in January, February of 2014, seeing the ad on the back page, clear to going back from Thanksgiving to January of 2015, she works again. That's the time period. You concede it's a continuing offense, and I'm still trying to figure out why there's any other evidence which convict her outside that time period. Well, because the government argued extensively that Mr. Powell continued beyond those dates. And this is an outline case. This is a real outline. He called her from the he called her. Correct. And the government specifically argued that it went right up through October of 2015. This is our government's argument to the jury. And this case is quite unusual in the sense that I have found no case, I don't believe the government cited a case, in which jury instructions contained no dates and time frames. And the appellant respectfully asserts that dates and time frames do matter and that we still have to look at United States versus Cecil because because the original questions look to the statute. I believe counsel looking to Lake and Harrison Philpot, but Lincoln and Harrison Philpot were distinguishable on different levels. In one case, I believe it in Lincoln. There was a grand jury indictment that listed all sorts of overt acts that made it very clear about the timing. Also, in terms of Harrison Philpot, the defendant made a made a confession about joining the conspiracy around the date of of of the event. So there was no question. This is a highly unique case where there's no dates or time frames. And also it was extensively litigated in terms of jury unanimity. It's not just a matter of is there a constructive amendment? It's a matter of jury unanimity. And how does the court know? How does the court know what time? Especially if you have an offense that's alleged to be a continuing offense starting on or about, you know, January of 2014 and continuing on or about January of 2015. What is it that you want the jury to do when it gets back there? Well, do they have to agree as to what happened on November 1st and March 15th and July 4th? Well, well, first of all, the government never presented a jury instruction to the jury, never presented a jury instruction defining what a continuing defense is. We could we could talk about the legal. So is that is that set out as a separate issue in your brief? Is that is that a failure by the district court? I think that was presented. Is this plain? Is this plain error? I I believe I believe it's plain error. Did you present did you present a definition? As as to continuing offense. I argue that that first of all, I believe the Ninth Circuit has not established that this these are continuing offenses, although the defense counsel made that concession below. That's what I asserted on on appeal. And I also asserted that there is extensive evidence where the jury could have found that it was not a continuing offense because of the times they were apart, the times that BM initiated contact with Mr. Paul, the times that she she went to work with with with other pimps. So that was ample ground to show that. And most importantly, the acquittal, the acquittal verdict on count for which which was in the middle of that time period. So that would cut it off. And it's really the jury saying this is not a continuous offense because both offenses are virtually identical. I'll leave a little time for rebuttal. Thank you. You really don't have any. Thank you. Thank you, Mr. Sullivan. I will I will allow you time for a rebuttal. Miss Miller. Good morning, Your Honors, and may it please the court. On the waiver point, counsel has relied on a decision of this court called the United States against Solis. That case is a pre Alano and pre this court's decision in Paris talking about what you need to do to forfeit versus waive a jury instruction. We think based on both Alano and Paris, there was waiver of the jury instruction issue here. But under any standard, there was no constructive amendment in this case because the evidence of the defendant's guilt was confined to the period charged in the indictment. And also in closing argument, the government on page 1578 said, I'm now going to describe count three to you. And on page 1579 said the count begins in January 2015 and ends in January 2015. Now, counsel comes back and says, but in closing an opening argument, the government characterized the communications while Mr. Powell was in the federal penitentiary as additional evidence of sex trafficking. But if you look at that evidence and the way it was characterized in closing, it was additional evidence that he had sex trafficked her, not that he was continuing to do so. And in particular, the government focused on evidence that in November of 2014, he forced BM to strip naked and did a body cabinet search on her because he was missing a debit card. And they had a back and forth exchange when he was in prison where he said he felt really bad about that and he thought that that was a despicable thing for him to have done. And the government said that's evident of his guilty knowledge of sex trafficking. That's evidence that he's guilty of count three as charged during the relevant period. I also think that this isn't there isn't a unanimity problem here because it's a continuing offense, as this court's question suggests. I'd be happy to address either the Rule 412 or Rule 403 evidence if the court has questions about them. Well, just on the unanimity, I mean, I think it's an interesting question just from at least from a metaphysical standpoint, if not from anything else. So what does the jury have to agree on? That something occurred during this time? Do they have to agree that specific instances occurred? Well, the Supreme Court in this court has been clear that you don't have to agree on alternative means. A jury doesn't have to. And so for a continuing offense, they have to agree that during the relevant period charged, he committed the offense. And I think United States v. Miller makes clear that evidence that the jury could have found a couple of different things for the way he violated the statute doesn't mean that there wasn't unanimity. But if we knew, I mean, it's odd. If a March incident, for example, were in question and half the jury said, well, I think he did the thing in March, and half of them said, I don't think he did, but they flipped as to an incident in October with the other half thinking he did, does that satisfy the unanimity requirement? I think it does under this Court's precedence and the Supreme Court's precedence. I also think that the evidence, the only courts, or the only cases that suggest that that might be a problem are when there really is a gap in the evidence. If you look at one of the cases that counsel relies on, there was evidence of a drug conspiracy, and there was evidence of a drug sale in December and in June. And the jury asked a question, what do we do if we think there were two separate conspiracies? And so when there's some sort of evidence of genuine confusion on the part of the jury about the elements of the offense, then you might have a unanimity problem. But here there's no such evidence. There's no unanimity problem. All of the evidence is during the period charged. And our theory was this was an offense that began when he started to recruit her, and he slapped her. So then you have the elements of recruiting or harboring. There's a whole list of things you can do, alternative means, and the forced fraud or coercion element. And it continued because every time they were apart, the record shows that within a couple of days they were in touch again and he was recruiting her again. I would like for you to address, if you would, the admission of the 2008 conviction. Certainly, Your Honor. Under 404B and Rule 403. If you look at the papers submitted to the district court about the submission of the assault conviction, what counsel for the defense said was this is not similar, not this is overly prejudicial. In the reply brief on appeal, counsel says this was a pivotal moment in the case because this is why the jury thought he was a bad guy. That's just not consistent with the record. They heard extensive evidence from BM that he was violent. They also heard from an expert witness about pimps and prostitutes, about the nature of the violence in a pimp's relationship. So the idea that this was the source, a source of prejudice, or sort of the only reason. You didn't have anything here that involved a tire iron, did you? No, we did not, Your Honor. But we did have evidence of violence. He slapped her. He kicked her in the legs. And again, we had an expert witness talking about the fact that pimps are violent. And that's four different places in the record. The testimony on this was so graphic. You know, the bloody towels and the broken skull and all of that stuff. How did that have anything to do with this case? And why isn't it prejudicial? Unduly prejudicial. Well, Your Honor, again, when you're looking at the abuse of discretion standard of review, and you look at what defense said to the district court about why it should be kept out, what the defense said to the district court about why it should be kept out was it's not similar, not it's so prejudicial. So the district court wasn't asked to rule on that question and didn't really focus on it. And then when it came in, the defense had a standing objection to its submission, but didn't say this is really prejudicial. I mean, doesn't the government have some responsibility there? I mean, to me, that seems to be a significant problem. I would agree that it would have been a better practice to limit it in some way, but I don't think he can show that it was a harmful error because of all the other evidence that he was violent. Is that your best argument, that it was error but harmless error, given the overwhelming evidence? No, because I don't think it was an abuse of discretion given what the district court was asked before trial and what his ruling was. But I also think that if it was error or if it was an abuse of discretion, it wasn't harmful because there was additional evidence. Also because it was 10 pages of testimony in a 1,600 or 1,700-page record, the suggestion that this was the reason he was convicted, it's just not convincing. It's just not borne out by the evidence given all the other evidence of his violence. Well, that's your harmless error argument. Yeah, that's right, Your Honor. But it's harmless error plus an abuse of discretion standard, so that's why I'm couching my answer the way I am. So you're saying you agree the violent nature of the crime is dissimilar, except that now it was done in the context of a prostitution operation, right? That's right, Your Honor. And I will also note that there was evidence that we sought to submit to the trial judge before trial that BM and one of the two juveniles was aware of this assault conviction and the facts of it, and the court didn't allow us to present that evidence to the jury because the court thought that would be too prejudicial. And it was in the context of this prostitution operation and probably showed that Powell was willing to use violence in the operation. That's right, Your Honor. And it also was similar in the sense that it was a hotel room and they were using the Internet to solicit dates. And so there were similarity factors, and those were the factors that were focused on when we asked to be able to present it, and the court made the ruling. If the court has no further questions, we ask that the judgment be affirmed. Thank you, Ms. Miller.  Thank you, Your Honor. Regarding the Rule 404B issue, one issue of prejudice was that Judge Jones did not follow his own omnibus order. It required a cautionary instruction before each witness was supposed to testify about these acts, and that never took place. And also, in order, in the final instructions, it was also supposed to be a provision about modus operandi, and that wasn't in the final instructions as well. Was there any objection or motion? There was not an objection, but this was very heavily litigated beforehand, originally. But as it was transpiring during the trial, neither the government nor defense counsel caught that. And overall, in terms of looking at error, certainly the juror unanimity issue was clearly raised and litigated. But in terms of the constructive amendment issue, I think it's important to look at the fact that both parties have responsibility before the district court to raise issues. And this is a case, not a case, where the appellate court is going at it blind because an issue was not raised. Because when the jury did raise the issue about timing and dates, all parties agreed, including the government, the government agreed that time and dates matter. And they said that they looked at the instructions, specifically, I believe, Instruction 24, and yes, indeed, we see the problem, and yes, indeed, it should be changed. And Judge Jones made a specific finding that dates and times matter. And he specifically stated it mattered because you don't know what the jury will really come out and make a decision for. So from an appellate court perspective, in terms of why do we have a requirement for counsel to object, who is at fault, I think it's important to look at the whole picture. The responsibilities of both parties, when a party presents jury instructions, they're supposed to flag issues. They're supposed to say we're doing something highly unusual in this case, like not including dates and time frames, and therefore, here's our legal authority or here's our Ninth Circuit model instruction that we're following. None of that was followed in this case, Your Honor. So I believe it's important to look in terms of the whole picture and the obligation of both parties to get it right before the district court. Thank you very much. Thank you. Thank counsel for the argument. United States v. Powell is submitted. We've concluded the oral argument for the day, and we stand adjourned. All rise.
judges: Bybee, N.R. Smith, Antoonii